[Cite as *State v. Sanders*, 2020-Ohio-3733.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JARELL SANDERS | : | Case No. 2019 CAA 05 0033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Delaware County
Court of Common Pleas, Case No.
18-CR-I-11-0683

JUDGMENT:     Affirmed

DATE OF JUDGMENT:     July 16, 2020

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Delaware County
Prosecuting Attorney

By: Joel C. Walker
Delaware County Assistant Prosecutor
145 N. Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

EMMA M. MIRLES-JONES
Mirles-Jones Law Office
175 S. Sandusky St #375
Delaware, Ohio 43015

*Baldwin, J.*

**{¶1}**   Appellant, Jarrell Sanders, appeals his conviction by the Delaware County Court of Common Pleas for a violation of R.C. 2919.25, domestic violence, a felony of the fourth degree.   Sanders contends his conviction was based upon insufficient evidence and was against the manifest weight of the evidence.   Appellee is the State of Ohio.

## STATEMENT OF FACTS AND THE CASE

**{¶2}**   Sanders and Selena Stewart, the alleged victim in this case, confronted each other regarding whether their five year old daughter should spend the Thanksgiving holiday with Sanders and his family.   The parties described a verbal argument that devolved into a physical altercation that left Ms. Stewart with minor injuries after she was allegedly pushed down a flight of stairs in her home.

**{¶3}**   The child was residing with Ms. Stewart when Sanders called and asked to bring the child to his residence to spend the Thanksgiving holiday with him and his family. Ms. Stewart refused the request, but Sanders appeared at her residence on November 23, 2018 despite Ms. Stewart's rejection of his plan to take their daughter.   Sanders had the five year old girl in his arms, standing on the stairs that led to Ms. Stewart's home as the couple argued about whether Sanders would be permitted to leave with his daughter. Ms. Stewart grasped her daughter's legs while she was in Sanders arms and the couple continued their argument as they both held the girl.   Sanders was insistent that he be able to take his daughter with him and Ms. Stewart continued to demand that Sanders release the girl. Sanders relented and the child was released by both parties.   The child had dropped a doll and, when Ms. Stewart bent to pick up the doll, she felt a push or shove and fell down the stairs.   She attempted to catch herself as she fell, but only scratched

her hand as she tumbled down the stairs.  She also suffered an injury to her hip during the fall.

{¶4}   Ms. Stewart admitted that once she regained her feet at the bottom of the stairs, she and Sanders continued a physical confrontation as she hit and pushed Sanders and he pulled out several of her braids.  She described that engagement as mutual combat that ended only after they were separated by others.

{¶5}   Sanders, Ms. Stewart and their child were the only eye witnesses to the fall down the stairs, but other witnesses overheard the argument and found the two at the bottom of the stairs.  Ms. Stewart's sister came into the home after the fall and found Ms. Stewart on the floor, leaning forward with Sander's hand on her neck.  She tried to pull Sanders off Ms. Stewart.  Ms. Stewart's mother was called to the scene by another family member and found her daughter upset, crying and hurt. She noticed redness and a scratch on Ms. Stewart's neck.

{¶6}   The Delaware City Police officer who responded to the scene found Ms. Stewart angry and crying when he first arrived.  She was reluctant to speak with the officer, but did show him the scratches on her hands and complained of a sore neck, a sore spot on her thigh and on her head.

{¶7}   Sanders was charged with domestic violence and tried on March 13, 2019. He testified that Ms. Stewart lost her balance as she tried to "shoulder check" him and fell down the stairs.  He denied pulling her hair and claimed that he did not put his hands on her.

{¶8}   The jury rendered a guilty verdict and found that Sanders was previously convicted of an offense of violence toward a household or family member, elevating the

charge in this case to a fourth degree felony.  Sanders was sentenced on April 23, 2019 and filed a timely notice of appeal with one assignment of error:

**{¶9}**  "I. THE STATE FAILED TO PROVE EACH ELEMENT BEYOND A REASONABLE DOUBT, SPECIFICALLY, THE ELEMENTS OF "KNOWINGLY" AND "CAUSE OR ATTEMPT TO CAUSE" WHICH WAS INSUFFICIENT TO SUPPORT A CONVICTION AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE REQUIRED BY R.C. 2919.25(A)."

### STANDARD OF REVIEW

**{¶10}**  The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."

**{¶11}**  In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly

lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins, supra*, at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *State v. Schoeneman*, 5th Dist. Stark No. 2017CA00049, 2017-Ohio-7472, ¶¶ 21-23.

#### ANALYSIS

**{¶12}** Sanders allegedly committed the offense of domestic violence by knowingly causing or attempting to cause physical harm to Ms. Stewart. R.C. 2919.25(A). Appellee was obligated to prove all elements of the offense beyond a reasonable doubt and Sanders contends appellee failed to carry this burden with regard to the mens rea, arguing that the record does not support a finding that he acted knowingly to cause or attempt to cause harm. Instead, he denies striking Ms. Stewart and contends the evidence shows that Ms. Stewart's actions were the cause of her injuries.

**{¶13}** Sanders cites Ms. Stewart's testimony that she held her child's legs while the child was in his arms and concludes that this act demonstrates she was the aggressor responsible for initiating the confrontation and suggesting that he was only acting to protect himself. She attempted to "shoulder check" him according to his recollection of the event and she fell down the stairs after losing her footing or tripping due to her footwear. She fell to the bottom of the stairs, rebounded from the fall and continued her attack on Sanders.

**{¶14}** While Ms. Stewart admitted grasping her daughter's legs while Sanders was walking down the stairs, the testimony does not support Sanders characterization of that

act as aggressive. Both parties held the child and continued arguing but neither attempted to assault the other until after the child was released. Only after the child was free of her parents did the confrontation become physical.

{¶15}  Sanders testimony cast him in a more favorable light and shifted the blame for the fall to Ms. Stewart.  Ms. Stewart contends she was pushed by Sanders. The jury was presented with two explanations for Ms. Stewart's tumble down the stairs, and the jury rejected Sanders' and accepted Stewart's.

{¶16}  The jurors fulfilled their obligation to decide the weight and credibility to be given the evidence and the witnesses. *State v. DeHass,* 10 Ohio St.2d 230, 237 N.E.2d 212 (1967). They had "the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997–Ohio–260, 674 N.E.2d 1159.

{¶17}  Sanders submits that there is no evidence that he acted to knowingly cause injury, but we find that the record contains evidence from which the jury could decide that Sanders did act knowingly when he pushed Stewart. The record contained sufficient testimony, if believed, for the jury to find Sanders was aware that his conduct would probably cause Ms. Stewart to fall and suffer some injury. R.C. 2901.22(B). We conclude that, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Schoeneman, supra* at ¶ 21.

{¶18}  We likewise find that the jury did not lose its way and did not create such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. This case is not the exceptional case in which the evidence weighs heavily

against the conviction. We hold the conviction was not against the manifest weight of the evidence.

{¶19} The appellant's assignment of error is overruled and the decision of the Delaware County Court of Common Pleas is affirmed.


By: Baldwin, J.

Gwin, P.J. and

Delaney, J. concur.